UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

STEPHEN DESMUND PETERSON,
a/k/a STEVEN DESMOND PETERSON,

     Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

     Defendants.

Civil Action No. 6:14-CV-134-KKC

**MEMORANDUM OPINION
AND ORDER**

Plaintiff Stephen Desmund Peterson is a federal inmate presently confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Proceeding *pro se*, Peterson filed a complaint, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the United States of America, the United States Department of Justice, the Director of the Federal Bureau of Prisons ("BOP"), and numerous prison personnel at the United States Penitentiary in Inez, Kentucky ("USP-Big Sandy"), and USP-McCreary. Peterson claims that he is entitled to compensatory damages under the FTCA due to the negligence and/or medical malpractice associated with surgery to his right forearm on October 27, 2009. Post-surgery, he further claims that various prison officials and employees have been deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Eighth Amendment to the U.S. Constitution.[1] Peterson also seeks declaratory and injunctive relief. [R. 1].

---

[1]Peterson also asserted claims against various prison officials at (1) United States Penitentiary-Victorville ("USP-Victorville") in Adelanto, California, (2) the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC-Oklahoma"), and (3) the Federal Medical Center in Springfield, Missouri ("FMCP-Springfield"), as well as state law claims for negligence and/or medical malpractice against Dr. Louis Redix, an orthopedic surgeon in California who performed the surgery on his right forearm on October 27, 2009, various other hospital staff at

Peterson has moved to amend his complaint on the grounds that he "is still being harassed by staff, in pain, and denied proper medical care, here at U.S.P. McCreary." [R. 6, p. 1]. Peterson's motion to amend is based on events that allegedly occurred in July of 2014 and thereafter, all subsequent to the filing of this action. Peterson complains mostly about the conduct and actions of Rhonda Jones, Health Services Administrator at USP-McCreary, Thus, it appears that Peterson seeks to supplement his *Bivens* claims against Rhonda Jones alleging a violation of his Eighth Amendment rights.

Generally, leave to amend is liberally granted, except when the amendment would be futile. In this instance, the amendment would be futile because (1) the events about which Peterson complains in his motion to amend post-date the filing of his complaint, and (2) Peterson has provided no evidence that prior to filing his motion to amend the complaint, he exhausted his administrative remedies relative to the events and conduct by Rhonda Jones about which he complains in his motion to amend.

In the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute now provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

Barstow Community Hospital, a hospital located in Barstow, California, and Dr. Patrice Beliveau, an orthopedic surgeon in Kentucky. However, by Memorandum Opinion and Order of January 22, 2015, Peterson's claims against prison officials and employees in BOP institutions outside of Kentucky were severed from this action and transferred to other judicial districts, and his state law claims for negligence against medical personnel in California and Kentucky were dismissed without prejudice to his right to refile in the appropriate state courts in California and Kentucky, respectively.

Therefore, a prisoner-plaintiff must first have exhausted "such administrative remedies as are available" prior to bringing a prison conditions action in a District Court. 42 U.S.C. § 1997e(a).  Shortly after the effective date of the statute, April 26, 1996, the United States Court of Appeals for the Sixth Circuit held that the language of §1997e means what it says, expressly requiring exhaustion of administrative remedies before bringing a civil action or appeal.  *Wright v. Morris*, 111 F.3d 414, 417 (6ᵗʰ Cir.1997), *cert. denied*, 522 U.S. 906 (1997).  Subsequently, the United States Supreme Court has repeatedly confirmed that the statute requires the exhaustion of available administrative remedies before bringing a civil action or appeal in District Court.  *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong").  Later, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81 (2006), that the PLRA statute requires not only the exhaustion of the available administrative remedy process, but the *proper* exhaustion of that administrative remedy process.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. at 90.  In *Woodford*, the Supreme Court also discussed the purposes of exhaustion, as stated in its earlier opinions, and stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."  *Id*. at 94.

The Federal Bureau of Prison's four-tiered administrative remedy program is available to all inmates who have a complaint about their confinement and is set out in BOP Program Statement Number 1330.18 and 28 C.F.R. §§ 542.10 - 542.19. Peterson is experienced with the BOP's Administrative Remedy Program, as he has pursued and exhausted his administrative remedies relative to his request for compensation for negligence and his pain and suffering associated with the surgery on his right forearm on October 27, 2009 and follow-up surgery, medical care and treatment (Administrative Remedy Nos. 697537-F1, 697537-R1, 697537-A1-A4). *See* R.1-3, Page ID## 168-189). Thus, Peterson is familiar with the exhaustion process. Because Peterson has not exhausted his administrative remedies concerning the alleged violations of his Eighth Amendment rights occurring in July of 2014 and thereafter, as recounted in his motion to amend the complaint, an amended complaint would not survive a motion to dismiss those portions of the complaint, as amended, for failure to exhaust administrative remedies. Thus, amending the complaint would be futile.

Fed. R. Civ. P. 15(a) provides for the amendment of pleadings when justice so requires. "A court, however, need not grant leave to amend under Rule 15 if the amendment would be futile." *Bleid Sports, LLC v. National Collegiate Athletic Ass'n*, 2013 WL 5410988 (E.D. Ky.2013) *citing Miller v. Calhoun Cnty*., 408 F.3d 803, 817 (6th Cir. 2005). *See also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 519 (6th Cir. 2010), *citing Foman v. Davis*, 371 U.S. 178 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 807; *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)("[a] proposed amendment is futile if the amendment could not withstand a

Rule 12(b)(6) motion to dismiss."), *citing Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993).

Accordingly, **IT IS ORDERED** as follows:

1.    Plaintiff's motion to amend the Complaint [R. 6] is **DENIED**.

2.    This matter stands submitted for completion of the statutory screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Dated August 14, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY