UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **STEPHEN DESMUND PETERSON,**<br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>    **Defendant.** | **CIVIL NO. 6:14-CV-134-KKC-REW**<br><br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** ***

Plaintiff Stephen Desmund Peterson has filed a Motion to Stay Appeal Notice (DE 56) and a Motion for Reconsideration Pursuant to Rule 59(e) (DE 57). Peterson filed a notice of appeal on November 15, 2017. (DE 51). This is Peterson's second motion for reconsideration, the first of which this Court denied for lack of jurisdiction. (DE 55). Peterson has also filed a motion to amend his Rule 59(e) motion (DE 60) to include a page from a medical textbook that was previously filed as an exhibit to his motion for summary judgment (DE 23-6, at 14). As this Court stated in its earlier Order, a district court generally loses jurisdiction over an action upon filing of a notice of appeal. *See Hobbs v. County of Summit*, 552 Fed. App'x 517, 519 (6th Cir. 2014) (quoting *Lewis v. Alexander,* 987 F.2d 392, 394 (6th Cir. 1993).

Peterson states in his motion for a stay that he filed his notice of appeal and Rule 59(e) motion on the same day, hoping that the Court would address his motion before docketing the appeal. While the Court is sympathetic to Peterson's misunderstanding of the effect of his filing a notice of appeal, his Rule 59(e) motion is not an exception to the general rule that a district court loses jurisdiction upon said filing. *See Lewis*, 987 F.2d at 394-95 ("[T]he district court retains jurisdiction over an action when an 'appeal is untimely, is an appeal

from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court.'") (quoting *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)). None of those exceptions apply to this case.

Moreover, Peterson's motion for reconsideration is essentially an argument that his case was wrongly decided. Rule 59 motions should not be used to reargue a case on the merits or issues that have already been presented. *See Whitehead v. Bowen*, 301 Fed. App'x 484, at 489 (6th Cir. 2008) ("A motion under Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence.") (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id*. (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *See also General Truck Drivers v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999)(Clay J., dissenting)("Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice.").

Peterson's Rule 59(e) motion merely seeks to relitigate the Court's determination as to when his Federal Tort Claims Act claim accrued. This does not meet the standard of Rule 59(e). The proper avenue for Peterson to challenge this Court's decision is not a motion for reconsideration, but rather an appeal to the Sixth Circuit. *See Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 747 (W.D. Ky. 2013) ("[W]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit") (quoting *Hitachi Med. Sys. America, Inc. v.*

*Branch*, No. 5:09-CV-1575, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks omitted). Accordingly, Plaintiff's Motion to Stay Appeal Notice (DE 56), Motion for Reconsideration (DE 57), and Motion to Amend (DE 60) are hereby **DENIED**.

Dated December 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY